IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MICHAEL LEE COWAN | § | |
| v. | § | CIVIL ACTION NO. 5:16cv14 |
| WARDEN ROBERT PAGE | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Michael Cowan, an inmate of the Bowie County Correctional Center proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named Defendant is Warden Robert Page of the Correctional Center.

**I. Background**

Plaintiff states he filed a habeas corpus petition in Chicot County, Arkansas, challenging his conviction. When he was transferred to the Bowie County Correctional Center in April of 2015, he asked about law books so he could work on his petition, but Officer Dorsey told him the law library was stored on a computer. Plaintiff stated he could not work a computer because he is computer illiterate, but Dorsey stated Plaintiff would have to get another inmate to help him.

After unsuccessfully seeking a transfer back to Arkansas, Plaintiff wrote to the clerk of Chicot County on May 6, 2015, asking about his case. The clerk sent him a copy of the judgment dated May 1 denying his habeas petition. Plaintiff wanted to appeal this denial but states he needed a notice of appeal form and a notary form. He made several requests to the Bowie County Law library for these forms, but his requests were unanswered. He wrote to the Arkansas inmate attorney

1

office, but again received no answer. Plaintiff was unable to file an appeal by the deadline, June 1, 2015.

## II. The Motions for Summary Judgment

Warden Page filed a motion for summary judgment arguing Plaintiff would have lost any appeal he filed because the Chicot County court lacked jurisdiction over his habeas petition once he was transferred; however, Page stated Plaintiff can re-file his petition because it was not decided on the merits. Page further asserted Plaintiff did not need a particular form for filing a notice of appeal, and he, Page, acted only as directed by the Arkansas Department of Corrections.

In his response, Plaintiff contended Page has not shown he had no legal right to appeal and Page is not a judge and cannot determine the outcome of an appeal. He argued even if he would have lost his appeal, whether because of lack of jurisdiction or lack of merit, he still had a right to take an appeal.

Plaintiff maintained the fact he can re-file his petition is irrelevant because he could have appealed his first one if he had received the proper forms. He needed the legal form "Notice of Appeal" but could not get one. He is not an attorney and does not know how to draft certain forms, including a notice of appeal. The law library did not provide him any assistance or furnish the legal resources he needed.

Plaintiff filed a motion for summary judgment reiterating his claims and stating he made repeated requests for help to the Bowie County Law Library, but all of these were ignored. He further argued he had a right to appeal no matter how many original petitions he could have filed, and he was denied legal assistance in the form of a pre-drafted notice of appeal, in which he could have filled in the blanks.

## III. The Magistrate Judge's Report

In her Report, the Magistrate Judge stated claims of denial of access to court must show actual injury; thus, a plaintiff complaining of the loss of a case, the loss of an opportunity to sue, or the loss of an opportunity to seek a particular order of relief must describe the underlying claim well

2

enough to show this claim is not frivolous and the arguable nature of the underlying claim is more than hope. Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). In order to prevail in the present case, Plaintiff must therefore show his putative appeal, which is the underlying claim, had arguable merit amounting to "more than hope." *See also* Lewis v. Casey, 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.606 (1996) (underlying claim for which access to court was sought and allegedly denied must be arguable and non-frivolous).

Under Arkansas law, any habeas petition is properly addressed to the circuit court for the county in which the petitioner is held in custody, unless the petition concerns new scientific evidence. Smith v. Norris, slip op. no. 09-1194, 2011 Ark. 414 (Ark. 2011). Because Plaintiff was no longer confined in Chicot County after his transfer to the Bowie County Correctional Center, the Circuit Court of Chicot County could not grant him a writ of habeas corpus. The Arkansas Supreme Court has stated an appeal of the denial of post-conviction relief cannot go forward where it is clear the appellant cannot prevail. Harvey v. State, slip op. no. CR-11-820, 2011 Ark. 524 (Ark. 2011). Even if Plaintiff was in Chicot County when he filed his petition, the Circuit Court of Chicot County no longer had personal jurisdiction to issue and make returnable a writ once he was no longer confined there. Davis v. Hobbs, 2012 Ark. 167, 2012 WL 1353147 (Ark. 2012). As a result, the Magistrate Judge concluded the fact Plaintiff could not appeal did not deprive him of an arguably meritorious claim.

The Magistrate Judge further determined the Arkansas Rules of Appellate Procedure do not require a particular form for a notice of appeal, and the Arkansas appellate courts have not promulgated a particular form appellants are required to use. Thus, although Plaintiff complains the law library did not provide him with a "notice of appeal form," there was no showing such a form exists, much less that the law library had a copy of the form. The Magistrate Judge therefore recommended Plaintiff's motion for summary judgment be denied and Warden Page's motion for summary judgment be granted, and the lawsuit dismissed with prejudice.

**IV. Plaintiff's Objections to the Report**

After setting out the background facts, Plaintiff asserts the judge who ruled in his habeas corpus petition in Chicot County did not know Plaintiff had been transferred out of the county at the time of this ruling. He states he was not sentenced in Chicot County but in Sebastian County.

Plaintiff argues he suffered harm because he lost his appeal or missed a filing deadline because the Bowie County Correctional Center did not afford adequate access to court. He claims he was obstructed from filing a notice of appeal and states he might have prevailed on appeal and thus might have been granted a new trial and exonerated. Plaintiff further argues the issue is not whether he would have been successful on appeal but whether he had a right to appeal and whether he was denied assistance in preparation and filing of meaningful legal papers. Plaintiff states Arkansas does have notice of appeal forms, as shown by the fact Rule 3(a) of the Arkansas Rules of Appellate Procedure sets out the requirements for a notice of appeal. He contends the Magistrate Judge held he has no right to a law library or legal assistance and states the Magistrate Judge has not shown any law preventing him from being able to appeal based on jurisdiction.

**V. Discussion**

Although Plaintiff argues the judge in Chicot County did not know he had been transferred at the time his habeas petition was denied, this is irrelevant to the question of whether the Circuit Court of Chicot County had jurisdiction over any appeal he may have taken while in the Bowie County Correctional Center. In <u>Davis</u>, 2012 Ark. at 167 *2, the Arkansas Supreme Court stated as follows:

> In the present matter, appellant was in the custody of the Arkansas Department of Correction at the Cummins Unit in Lincoln County when he filed the petition. Since that time, he has been transferred to the Maximum Security Unit in Jefferson County. As appellant's petition for writ of habeas corpus was not filed pursuant to Act 1780, [i.e. the statute concerning scientific evidence] he cannot seek relief until he files his petition in the Jefferson County Circuit Court.
>
> While the petition may have been initially filed within the circuit court's jurisdiction, and the circuit court may have retained subject-matter jurisdiction in this case, the circuit court no longer had personal jurisdiction to issue and make returnable a writ because petitioner was no longer incarcerated within the court's jurisdiction. See

Watts v. Norris, 2009 Ark. 473 (*per curiam)*; see also Lukach v. State, 369 Ark. 475, 255 S.W.3d 832 (2007) (*per curiam*).

Likewise, Plaintiff's petition was initially filed within the jurisdiction of the Circuit Court of Chicot County, but once he was no longer incarcerated within that court's jurisdiction, the court no longer had personal jurisdiction to issue and make returnable a writ of habeas corpus. Under these circumstances, Plaintiff has not shown his appeal had arguable merit amounting to more than hope.

Although Plaintiff argues he had a right to appeal, regardless of his chance of success, this contention lacks merit. Although Justice Souter argued inmates need only have a "concrete grievance" in order to show actual injury, not necessarily a meritorious claim, the Supreme Court majority rejected this view. Instead, the Supreme Court held while depriving someone of an arguable claim inflicts actual injury because arguable claims are settled, bought, and sold, depriving someone of a frivolous claim deprives him of nothing at all. Lewis, 518 U.S. at 353 n.3. Plaintiff has not shown he was deprived of an arguable claim on appeal because the Chicot County court lacked personal jurisdiction due to his transfer.

The fact the Arkansas Rules of Appellate Procedure set out the requirements for a notice of appeal does not show a standardized form exists. Rule 3(e) of the Arkansas Rules of Appellate Procedure states a notice of appeal shall: (1) specify the party or parties taking the appeal; (2) designate the judgment, decree, order, or part thereof appealed from; (3) designate the contents of the record on appeal; (4) state that the appellant has ordered the transcript, or specific portions thereof, if oral testimony or proceedings are designated, and has made any financial arrangements required by the court reporter pursuant to Ark. Code Ann. §16-13-510-(c); (5) identify the court to which the appeal is directed; and (6) state that the appealing party abandons any pending but unresolved claim.

Nonetheless, the Arkansas courts have held that only substantial compliance with this rule is required. In Jennings v. Architectural Products, Inc., 375 S.W.3d 685, 687, 2010 Ark. App. 413 (Court of Appeals of Arkansas, May 12, 2010), the plaintiff's notice of appeal only gave notice of

"his intent to appeal the judgment entered in this matter on or about January 27, 2009." The defendants argued the appeal should be dismissed because the notice of appeal was defective, in that it did not designate the record, did not contain a statement of financial arrangements, did not designate the court to which the appeal was taken, and gave the wrong date for the judgment which had been entered on January 26, 2009, rather than January 27, 2009. The Arkansas Court of Appeals rejected the request to dismiss the appeal on this basis, stating:

> Notwithstanding these deficiencies, we conclude that the notice of appeal is not fatally deficient because it was timely filed and substantially complies with the rule. While the filing of a notice of appeal is jurisdictional, the Supreme Court has required only substantial compliance with the procedural steps set forth in Rule 3(e). [citations omitted]

Plaintiff has not shown that he was unable to file a notice of appeal which substantially complied with Rule 3(e), particularly one as simple as the one filed in Jennings. Nor has he offered anything to suggest that a standardized form for notices of appeal exists, much less that the Bowie County Jail had a copy of a such a form. The Magistrate Judge observed the Arkansas appellate courts have promulgated and made available five standard civil forms, including a summons form, a notice and acknowledgment for service by mail, a general civil cover sheet, instructions for completing the cover sheet, and a subpoena form, but not a notice of appeal form. Because Plaintiff has not shown he was denied access to court by wrongful action on the part of the Defendant nor that he suffered any cognizable legal harm, his objections to the Report of the Magistrate Judge are without merit.

## VI. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 60) is **ADOPTED** as the opinion of the District Court.  It is further

**ORDERED** that Plaintiff's motion for summary judgment (docket no. 52) is **DENIED** and Warden Page's motion for summary judgment (docket no. 46) is **GRANTED** and the above-styled civil action is **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that any and all other motions which may be pending in this action are hereby **DENIED**.

**So ORDERED and SIGNED this 11th day of August, 2016.**

*[signature: Robert W Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE